UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHSEN REZAKHAN KHAJEH, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> A. NEIL CLARK, Field Office Director, U.S. ) <br> Immigration and Customs Enforcement, ) <br> ) <br> Respondent. ) | Case No. C10-1112-JLR-BAT <br><br> **REPORT AND RECOMMENDATION** |

On July 23, 2010, petitioner Mohsen Rezakhan Khajeh, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE") pending adjudication of his petition for review before the Ninth Circuit Court of Appeals.  (Dkt. 1.)  On September 8, 2010, however, the government filed a Motion to Dismiss for Mootness, which indicates that the Ninth Circuit dismissed petitioner's petition for review on July 27, 2010, and the mandate issued on August 17, 2010.  (Dkt. 13.)  ICE then removed petitioner to Denmark on August 30, 2010.  (Dkt. 13, Ex. A.)  The government asserts that because petitioner has been removed from the United States and is no longer detained by ICE, his petition has become moot and should be dismissed.  *Id*.

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of

REPORT AND RECOMMENDATION - 1

1 the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002).

2 "When a controversy no longer exists, the case is moot." *Id*. Because petitioner has been

3 removed and is no longer detained by ICE, his habeas petition challenging his detention is now

4 moot and should be dismissed without prejudice. *See, e.g., Cooney v. Edwards*, 971 F.2d 345,

5 346 (9th Cir. 1992)(holding that the District Court properly dismissed plaintiff's claims that had

6 become either moot or unripe). A proposed Order accompanies this Report and

7 Recommendation.

8 DATED this 9th day of September, 2010.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2